FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

KENNETH H. TIBBETTS,

    Petitioner - Appellant,

v.

DAVID ROGERS, Warden,

    Respondent - Appellee.

No. 26-6049
(D.C. No. 5:23-CV-00913-J)
(W.D. Okla.)

———————————————————

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

———————————————————

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

———————————————————

Pro se petitioner Kenneth Tibbetts, an Oklahoma state prisoner,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, we **DENY** the requested COA and **DISMISS** this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because he is a *pro se* litigant, we construe Tibbetts' application liberally. *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023). But we do not act as his advocate. *Id.*

# I.    Background

Tibbetts pleaded guilty in Oklahoma state court to (1) robbery with a weapon, (2) two counts of firearm possession, (3) two counts of kidnapping, and (4) two counts of attempted robbery with a dangerous weapon, all following a prior felony conviction.  He was sentenced to life in prison.

Alicia Sorelle represented Tibbetts at the plea entry and sentencing.  After sentencing, through Sorelle, Tibbetts moved to withdraw his guilty plea, arguing that he did not knowingly or voluntarily enter his plea because he did not understand the effects of a blind plea[2] on sentencing and "the effects of his medical condition and the drugs used to treat his condition had impaired his mental capacity to comprehend what was happening at the time" of the plea.  R. Vol. I at 60.  Then, through court-appointed plea withdrawal counsel Richard Yohn, Tibbetts filed a brief in support of his request.  The state district court held a hearing and denied Tibbetts' request to withdraw his plea.

On direct appeal, now represented by counsel Chad Johnson, Tibbetts raised claims relating to the state district court's denial of his motion to withdraw his guilty plea.  Tibbetts claimed that (1) Sorelle's and Yohn's representations were constitutionally ineffective, (2) Tibbetts was incompetent at the time he entered his guilty plea, (3) the state court failed to establish a factual basis for the plea, (4) Tibbetts' plea was not knowing and voluntary because he was not informed of the punishment ranges, (5)

---

[2] A blind plea occurs when a defendant pleads guilty or no contest to criminal charges without negotiating a plea deal with the prosecutor.  The final sentencing decision is left to the trial judge's discretion.

Tibbetts' convictions violated the Double Jeopardy Clause, (6) the admission of privileged medical records was plain error, (7) the prosecution committed misconduct related to this admission, and (8) cumulative error. The Oklahoma Court of Criminal Appeals (OCCA) denied relief on all claims. The OCCA declared some claims waived; the rest without merit.

Tibbetts then applied, pro se, for state post-conviction relief. Tibbetts now claimed that Sorelle was constitutionally ineffective because she had conflicts of interest, coerced him into pleading guilty, and failed to further argue for Tibbetts' incompetency. Tibbetts raised another new argument: that the state court lacked jurisdiction to prosecute him under *McGirt v. Oklahoma*, 591 U.S. 894 (2020). The state district court concluded that Tibbetts' new constitutional ineffectiveness argument had been waived and denied relief on the jurisdictional claim.[3] Tibbetts appealed to the OCCA, and the OCCA again denied relief.

Tibbetts then petitioned the federal district court for habeas relief pursuant to § 2254. Tibbetts' amended petition raised seven grounds for relief: (1) that Oklahoma obtained the plea convictions in violation of the Due Process Clause because he was "more than likely . . . incompetent" when he pleaded guilty; (2) his convictions violated the Double Jeopardy Clause; (3) his due process rights were violated by the state

---

[3] Tibbetts also raised a generic ineffective assistance of appellate counsel claim, which the state court construed to claim that Johnson was constitutionally ineffective on appeal for failing to raise the *McGirt* claim and the new claims about Sorelle's constitutional ineffectiveness. The court concluded that because these underlying claims lacked merit, Johnson could not have been ineffective for failing to raise them.

3

court's admission of inadmissible prejudicial medical evidence and the prosecutor's related misconduct; (4) Sorelle provided ineffective assistance during the guilty plea and sentencing; (5) Yohn provided ineffective assistance of counsel at plea withdrawal; (6) Oklahoma lacked jurisdiction to prosecute Tibbetts under *McGirt*; and (7) Johnson provided ineffective assistance of counsel on appeal to the OCCA.  R. Vol. I at 184.

On referral, the magistrate judge recommended that the district court deny relief. The district court adopted the magistrate judge's recommendation and denied Tibbetts' habeas petition.  As a result, the district court declined to issue a COA.

Tibbetts now seeks a COA from this court, raising the same seven issues.

## II.    Discussion

A state prisoner who seeks to appeal a district court's denial of his § 2254 habeas petition must first obtain a COA.  *See* 28 U.S.C. § 2253(c)(1)(A).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  Under this standard, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a petitioner seeks a COA in the habeas context, we incorporate the deference required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) into our standard to grant a COA.  *Miller-El v. Cockrell*, 537 U.S. 332, 336 (2003).  We examine "the [d]istrict [c]ourt's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason."  *Id.*; *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's

4

deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA.").

Whether AEDPA's deferential review under § 2254(d) applies depends on whether the state court adjudicated the petitioner's claim on the merits. Claims rejected on state procedural grounds are instead governed by the doctrine of procedural default. If the state court declines to decide a § 2254 claim on the merits and instead dismisses it based on the petitioner's failure to comply with an adequate and independent state procedural rule, federal courts ordinarily consider the claim barred and refuse to consider it. *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). "To qualify as an 'adequate' procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (citation modified). "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Black v. Workman*, 682 F.3d 880, 918 (10th Cir. 2012) (citation modified). That is, the procedural default must be "independent of the merits of the federal claim." *Harris v. Reed*, 489 U.S. 255, 260 (1989) (citation modified).

When a claim procedurally defaults in state court on adequate and independent grounds, federal courts may not entertain the claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's [or the petitioner's] efforts to

comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice for procedural default, a petitioner must "show 'not merely that the errors at [his] trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Even if a petitioner cannot show cause and prejudice, he can excuse procedural default by showing a fundamental miscarriage of justice. This exception is "a markedly narrow one, implicated only 'in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (alteration in original) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). A prisoner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

When a federal district court concludes that a claim is procedurally barred under the above legal framework, we will issue a COA only if the petitioner shows both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

AEDPA creates a framework distinct from the foregoing for federal review of state court decisions that adjudicate § 2254 claims on the merits. When a state court addresses such claims on the merits, AEDPA requires the federal court to defer to the state court's resolution of the claims absent two narrow circumstances. *Wellmon v. Colo. Dep't of Corr.*, 952 F.3d 1242, 1245 (10th Cir. 2020). These two circumstances occur when the state court's adjudication of the merits (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In these circumstances, AEDPA permits the federal court to grant habeas relief.

A petitioner may satisfy the "contrary to" federal law exception in two ways. He may show that the state court's decision was "'contrary to' clearly established federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.'" *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (quoting *Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013)). Or, the petitioner may show that the state court decision "identifie[d] the correct governing legal principle from Supreme Court decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006) (citation modified). The state court's application of federal law must not merely be incorrect. It must be "objectively unreasonable"; that is, "there was no reasonable basis

7

for the state court's determination." *Owens*, 792 F.3d at 1242–43 (citation modified).

"[S]o long as fairminded jurists could disagree on the correctness of the state court's

decision," a federal court cannot grant habeas relief. *Id.* at 1243 (citation modified).

Separately, AEDPA permits a federal court to provide habeas relief if the state

court based its decision on "an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.'" *Davis v. Ayala*, 576 U.S. 257, 271

(2015) (quoting 28 U.S.C. § 2254(d)(2)). The federal court presumes that a state court's

factual determination is correct and a petitioner can rebut this presumption only with

clear and convincing evidence. *Id.*; *see also* 28 U.S.C. § 2254(e)(1).

Applying this framework, we examine whether Tibbetts has shown that reasonable

jurists could debate the district court's disposition of his claims. For claims the district

court dismissed on procedural grounds, Tibbetts must show both that reasonable jurists

could debate whether his petition states a valid constitutional claim and whether the

district court's procedural ruling was correct. *Slack*, 529 U.S. at 484. For claims

adjudicated on the merits, we ask whether reasonable jurists could debate the district

court's conclusion that § 2254(d) precludes federal habeas relief. *See Miller-El*, 537 U.S.

at 336; *Dockins*, 374 F.3d at 938.

### A.  *Procedurally Defaulted Claims*

The district court concluded that four claims Tibbetts raised on appeal were

procedurally defaulted: his claims of (1) lack of factual basis for his plea, (2) double

jeopardy, (3) evidentiary admission and prosecutorial misconduct, and (4) ineffective

assistance at plea entry. We review the court's determination that these claims are

8

procedurally barred de novo. *Anderson v. Att'y Gen. of Kan.*, 342 F.3d 1140, 1143 (10th Cir. 2003).

### 1. Lack-of-Factual-Basis Claim

Tibbetts claimed to the OCCA in post-conviction proceedings that the state court obtained his plea in violation of the Fourteenth Amendment's due process protections because it had no factual basis to believe that he made his guilty plea knowingly and voluntarily. *Cf. United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) ("A defendant's guilty plea must be knowing, voluntary, and intelligent."). The OCCA concluded that Tibbetts had waived his factual basis claim under Rule 4.2(B) of the Rules of the Oklahoma Court of Criminal Appeals, a rule that precludes certiorari review of a claim about a plea that was not raised in the plea-withdrawal proceedings. Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2026) ("No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw [the] guilty plea . . . ."); *Walker v. State*, 953 P.2d 354, 355 (Okla. Crim. App. 1998) ("We do not reach the merits of the first proposition, for [petitioner] waived the issue by failing to raise it in his motion to withdraw guilty plea."). The district court concluded that Tibbetts procedurally defaulted under this Rule.

Tibbetts contends that the district court wrongly found procedural default because Supreme Court case law permits petitioners to raise certain claims for the first time during collateral appeal. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503 (2003) (explaining that § 2255 petitioners may raise ineffective assistance claims for the first time in post-conviction proceedings). Tibbetts also contends that he establishes prejudice

to excuse default because his plea entry counsel's alleged conflict of interest caused the default.

Tibbetts' arguments fail to show that the district court erred in concluding that he procedurally defaulted on his claim that his guilty plea lacked sufficient factual basis.

The district court properly determined that Rule 4.2(B) is an adequate and independent bar to Tibbetts' claim. Even if the claim were cognizable in a habeas petition,[4] Rule 4.2(B) is an adequate bar. *Lewallen v. Martin*, 755 F. App'x 735, 744 (10th Cir. 2018) (approvingly restating the district court's explanation of 4.2(B)'s adequacy); *Elam v. Dowling*, No. CIV-19-223-R, 2019 WL 10852802, at *3 (W.D. Okla. July 22, 2019) ("The weight of this authority and Tenth Circuit precedent convinces this Court that the OCCA applies [Rule 4.2(B)] evenhandedly and that the OCCA's procedural rule is both independent and adequate to preclude federal review." (citation modified)). And, Rule 4.2(B) is independent. *Elam*, 2019 WL 10852802 at *3 ("It is well established that the OCCA's waiver rule is based on Oklahoma state law and is 'considered independent for purposes of federal habeas review.'" (quoting *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014))). Tibbetts' case law is inapt; it holds that petitioners may raise *ineffective assistance claims*, not factual basis claims, for the first time on collateral appeal. *See Massaro*, 538 U.S. at 503.

---

[4] We review claims for lack of factual basis on habeas review only in the situations when the defendant raises factual innocence. *See, e.g.*, *Perkis v. Sirmons*, 201 F. App'x 648, 651 (10th Cir. 2006) ("[U]nless a defendant claims factual innocence while pleading guilty, there is no federal constitutional requirement for the district court to ascertain a factual basis for the plea."). Here, however, Tibbetts raises lack of factual basis for his knowingly and voluntarily entering his blind plea.

Because Rule 4.2(B) is an adequate and independent procedural bar, Tibbetts may excuse procedural default only by establishing cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. But he fails to do so. Tibbetts asserts that his counsel at plea entry, Sorelle, provides cause because she was constitutionally ineffective due to her alleged relationship with the trial judge and the victim's two granddaughters. But Tibbetts' claim about Sorelle's ineffectiveness is also procedurally defaulted. *See* Section II.A.4, *infra*. As a result, he cannot use this claim as cause for the procedural default here. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective assistance claim "asserted as cause for the procedural default of another claim" must not "itself" be procedurally defaulted). Tibbetts does not bear his burden to show excuse for the default. *See Coleman*, 501 U.S. at 750.

No reasonable jurist would debate the court's conclusion that Tibbetts' lack-of-factual-basis claim is procedurally barred.

### 2. *Double Jeopardy Claim*

Tibbetts also claimed in his post-conviction proceedings that several of his plea convictions violated the Double Jeopardy Clause. The OCCA again applied Rule 4.2(B) to dismiss Tibbetts' claim. The district court, for the same reasons, concluded that the claim was procedurally barred.

On appeal, Tibbetts asserts that he did not default under Rule 4.2(B). He also contends that even if the claim falls under Rule 4.2(B), he demonstrates cause and prejudice and a miscarriage of justice because plea counsel, Sorelle, was conflicted by

11

personal relationships and because the court appointed plea-withdrawal counsel, Yohn, impeding Tibbetts' ability to preserve his claim.

We disagree.

The OCCA applied Rule 4.2(B) to Tibbetts' double jeopardy claim because he failed to raise it at the plea-withdrawal proceedings, as required by that Rule, instead raising it for the first time on collateral appeal. As explained above, Rule 4.2(B) is independent and adequate grounds for dismissal. *See Elam*, 2019 WL 10852802, at *3.

Nor does Tibbetts establish cause and prejudice or a fundamental miscarriage of justice to excuse default. Tibbetts' first assertion of cause—the alleged ineffective assistance of Sorelle at plea entry—is procedurally barred, and he cannot use this procedurally barred claim as cause for default on his double jeopardy claim. *See* Section II.A.4, *infra*; *Edwards*, 529 U.S. at 453. Tibbetts' second assertion of cause also fails. Tibbetts did not preserve his claim that the appointment of Yohn itself provided cause. Even if he did, Tibbetts does not explain *how* the appointment of the plea-withdrawal attorney caused the default. While we construe Tibbetts' claims liberally, we do not create arguments on his behalf. *See Luo*, 71 F.4th at 1291 n.1.

Tibbetts also does not invoke the miscarriage of justice exception by alleging he is innocent of the crimes. *See Magar*, 490 F.3d at 820.

No reasonable jurist would debate the court's conclusion that this claim is procedurally barred.

12

### 3.  *Evidentiary and Prosecutorial Misconduct Claims*

Tibbetts also asserted to the OCCA that the prosecutor improperly introduced medical records at sentencing, constituting prosecutorial misconduct and violating his constitutional right to privacy, depriving him of due process, and cruelly and unusually punishing him under the Fifth and Eighth Amendments.  The OCCA once again determined that Tibbetts' claims were waived under Rule 4.2(B).  The district court agreed.

On appeal, Tibbetts contends that he has established cause and prejudice to circumvent the procedural bar through the same two sources: the alleged personal conflict of Sorelle and the intervention of the court by appointing Yohn at plea withdrawal.

Like the claims above, Tibbetts provides no basis to overcome the independent and adequate Rule 4.2(B) bar.  And like the claims above, he cannot establish cause to excuse procedural default on these claims with other unpreserved claims and unsupported arguments.  *See Edwards*, 529 U.S. at 453 (on unpreserved claims); *Luo*, 71 F.4th at 1291 n.1 (on unsupported arguments).  Reasonable jurists would not question the district court's conclusion that these claims are procedurally barred.

### 4.  *Ineffective Assistance at Plea Entry Claim*

Finally, Tibbetts claimed to the OCCA that his plea counsel, Sorelle, was constitutionally ineffective at the time of plea entry because she was conflicted by a personal relationship with the trial judge and the victim's two granddaughters.  Once more, the OCCA invoked Rule 4.2(B) and the district court concluded that Tibbetts procedurally defaulted on that basis.

On appeal, Tibbetts contends that he establishes cause for failing to preserve his ineffective assistance claim because the court appointed Yohn to represent him at the plea-withdrawal hearing, obstructing preservation.

Again, Tibbetts fails to overcome Rule 4.2(B)'s procedural bar. As the OCCA noted, the appointment of Yohn for plea withdrawal did not prevent Yohn from raising the ineffective assistance claim of Sorelle at that time. Yohn could have raised the issue in the brief in support of the withdrawal application or at any point during the hearing on the motion. Tibbetts cites no authority to show that Yohn could not raise Sorelle's alleged ineffectiveness after the state court appointed him to represent Tibbetts in the withdrawal proceedings. *See, e.g.*, *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997) ("Cause may be established by showing that 'the factual or legal basis for a claim was not reasonably available to counsel' or that there was 'some interference by officials that made compliance impracticable.'" (quoting *Murray*, 477 U.S. at 488)). Tibbetts fails to establish excuse for procedural default on this claim.

No reasonable jurist would disagree with the district court's procedural ruling on this claim.

### B. Non-defaulted Claims

Tibbetts raises three other claims in his COA that the OCCA adjudicated on the merits. He raises (1) procedural due process, (2) jurisdictional, and (3) ineffective assistance claims.

Though we review de novo the district court's application of § 2254, "we presume the factual findings of the state trial and appellate courts are correct, and we place on the

petitioner the burden of rebutting this presumption by clear and convincing evidence."
*Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004).

### 1. *Procedural Due Process Claim*

Tibbetts argued to the OCCA that Oklahoma obtained his plea in violation of the
Fourteenth Amendment's Due Process Clause because the state court failed to investigate
Tibbetts' alleged incompetency even though he made a motion of insanity defense before
entering his blind plea.[5]  The OCCA determined that the state court violated no such
obligation because the record revealed that Tibbetts was competent at plea entry.  On
habeas review, the district court employed AEDPA deference to uphold the OCCA's
decision because it was not contrary to or an unreasonable application of federal law.

Tibbetts reargues on appeal that the state court violated procedural due process
because it did not permit him a competency hearing, either when the offense was
committed or at entry of plea.  And, the state court denied him this opportunity despite
being aware of his alleged incompetency when Sorelle filed a notice of intent to raise an
insanity defense at trial.[6]

---

[5] Before the OCCA, Tibbetts raised two other due process claims.  We discussed
his factual-basis claim above with the other procedurally defaulted claims.  *See* Section
II.A.1, *supra*.  Tibbetts also raised a substantive due process argument—that the state
court erred to determine he was competent to plead guilty.  But Tibbetts does not
meaningfully raise or address this issue in his COA briefing.  Statements that he "argued
that he was incompetent at the times the crimes were committed" are not enough to raise
the issue or argue it.  Aplt. Br. 16.  We will not craft Tibbetts' arguments for him.  *See
Luo*, 71 F.4th at 1291 n.1.

[6] This notice stated:
> COMES NOW the Defendant, by and through his attorney,
> Alicia Carrington Sorelle, of Elk City, OK, and declares the

Tibbetts, however, fails to prove error in the district court's application of § 2254 to defer to the OCCA's decision.

Competency claims by a criminal defendant can implicate both substantive and procedural due process. *Gilbert v. Mullin*, 302 F.3d 1166, 1178–79 (10th Cir. 2002). "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual [entered a guilty plea] while, in fact, incompetent." *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001). "In order for a habeas petitioner to prevail on a procedural competency claim, the petitioner must establish that a reasonable judge should have had a bona fide doubt as to his competence at the time of [the guilty plea]." *Gilbert*, 302 F.3d at 1178 (citation modified). The question of whether a reasonable judge should have a bona fide doubt is "often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). There are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." *Id.* Some factors that may warrant further inquiry include "irrational behavior," "demeanor at trial, and any prior medical opinion on competence to stand trial." *Id.* Another relevant

---

intent to rely upon the defense of insanity at trial on this matter. Counsel has applied for, and is seeking, medical records for the use by an expert witness, and at trial, to determine whether the Defendant was mentally capable of knowing what he was doing at the time of the alleged crime based upon effects resulting from the use of his lawfully prescribed drugs used to treat an existing medical condition.

R. Vol. I at 73.

factor is the "lawyer's representations concerning the competence of his client."
*McGregor*, 248 F.3d. at 955 (quoting *Drope*, 420 U.S. at 177 n.13).

The OCCA's determination that the state court did not deprive Tibbetts of his
procedural due process rights by failing to further investigate his alleged incompetency
was not contrary to clearly established federal law.  Neither Tibbetts' counsel nor the
prosecutor raised competence at the plea hearing, and the state court conducted a
thorough colloquy with Tibbetts before accepting his plea.  Tibbetts confirmed that he
was not under the influence of drugs, medication, or alcohol, that he had never been
treated for emotional or mental health problems, that he was voluntarily entering a guilty
plea, and that he believed himself to be mentally competent at that time.  And we
presume his statements are true. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn
declarations in open court carry a strong presumption of verity.").  Further, the same
counsel who sent the notice of intent to rely on an insanity defense at trial agreed that
Tibbetts was competent to plead guilty. *McGregor*, 248 F.3d at 955 (recognizing the
relevance of counsel's perception of competence).  And Tibbetts testified coherently at
length about his situation and mental state at the time of the crime, giving no reason to
question his competence. *See Drope*, 420 U.S. at 179–80 (discussing demeanor at trial as
evidence of rationality).  Examining the record evidence, no reasonable judge would have
had a bona fide doubt as to Tibbetts' competency to plead, and thus the trial judge did not
have a duty to investigate further.

17

Because the OCCA's denial of Tibbetts' procedural due process claim was not contrary to clearly established law, the district court properly deferred to its resolution of the claim.

### 2. Jurisdictional Claim

Tibbetts also claimed in post-conviction proceedings that Oklahoma lacked jurisdiction to prosecute him under *McGirt*. Tibbetts is Indian,[7] and he contended that he committed his crime in the Cheyenne-Arapaho Indian country reservation, so the Major Crimes Act (MCA) stripped the state of jurisdiction to prosecute and convict him. *See McGirt*, 591 U.S. at 932 ("[T]he MCA applies to Oklahoma according to its usual terms: Only the federal government, not the State, may prosecute Indians for major crimes committed in Indian country."). The state district court rejected Tibbetts' argument by concluding that as a matter of fact, the crime did not occur on Indian country because the Cheyenne-Arapaho reservation was disestablished by treaty in 1891, and no other evidence showed that the crime occurred "on Trust Land, land owned by the Tribe, or an existing Indian allotment." R. Vol. I at 104. And further, the state court noted that the OCCA foreclosed Tibbetts' argument in *State ex rel. Matloff v. Wallace* by holding that *McGirt* did not apply retroactively. 497 P.3d 686 (Okla. Crim. App. 2021). The OCCA affirmed. It concluded that Tibbetts' reliance on *McGirt* lacked merit because *Matloff*

---

[7] He asserted, and the state conceded, that he is Indian and enrolled in the federally recognized Osage Indian Tribe.

18

determined that *McGirt* did not apply retroactively to void state convictions like Tibbetts'

conviction, which was final before *McGirt* was decided.

Reviewing the state court's decision, the magistrate court (and district court by

adoption) chose to proceed beyond the possible procedural bar *Matloff* posed and reject

Tibbetts' claim on the merits. Because Tibbetts failed to show that the state court

unreasonably determined the facts about the Indian status of the location of his crimes,

the district court concluded that habeas relief should be denied.

On appeal, Tibbetts contends that the district court erred to deny habeas relief

because it unreasonably determined relevant facts: he argues (1) the Cheyenne-Arapaho

reservation has not been disestablished, and (2) even if it has, his crimes were still

committed in Indian country in "dependent Indian communities." *See Murphy v. Royal*,

875 F.3d 896, 904 (10th Cir. 2017) ("Congress has defined Indian country broadly to

include three categories of areas: (a) Indian reservations, (b) dependent Indian

communities, and (c) Indian allotments." (citing 18 U.S.C. § 1151)). But both arguments

fail to pass muster.

As the district court did below, we exercise our discretion to bypass the procedural

bar and dispose of this claim on the merits. *Smith v. Duckworth*, 824 F.3d 1233, 1242

(10th Cir. 2016) ("[W]here the claim may be disposed of in a straightforward fashion on

substantive grounds, this court retains discretion to bypass the procedural bar and reject

the claim on the merits." (citation modified)).

First, the reservation has been disestablished. Tibbetts urges that the Cheyenne-

Arapaho reservation still remains, and that all of Oklahoma holds the title of Indian

19

country. Assuming he preserved these arguments, they lack merit. The state court concluded, following *McGirt*'s instructions, that the Cheyenne-Arapaho reservation has been disestablished. *See Ellis v. Page*, 351 F.2d 250, 252 (10th Cir. 1965) (interpreting Congress's treaty with the Cheyenne and Arapaho tribes to show a "manifest purpose to dissolve tribal government and assimilate the Indian allottees in the community"). Tibbetts provides no evidence to overcome our presumption that the court's finding of fact was correct. *See* 28 U.S.C. § 2254(e)(1)).

Second, Tibbetts seems to raise his "dependent Indian community" argument for the first time to this court. Even if the argument were preserved, it fails because Tibbetts does not show that the land at issue is a dependent Indian community. Tibbetts must show: (1) "the lands must have been set aside by the Federal Government for the use of the Indians as Indian land," and (2) "the lands must be under federal superintendence." *United States v. Arrieta*, 436 F.3d 1246, 1250 (10th Cir. 2006) (citation modified). He does neither.

No reasonable jurist would debate the district court's conclusion that § 2254 precludes habeas relief on Tibbetts' jurisdictional claim.

### 3. Ineffective Assistance at Plea Withdrawal and Certiorari Appeal

Finally, Tibbetts argued to the OCCA that his plea-withdrawal counsel, Yohn, and his counsel on appeal to the OCCA, Johnson, were constitutionally ineffective. Tibbetts contended that Yohn was constitutionally ineffective because Yohn did not perform an independent investigation of the available appellate grounds of error, failed to conduct independent research of the relevant law for those grounds, and failed to amend the plea-

20

withdrawal motion filed by Sorelle. Tibbetts contended that Johnson was constitutionally ineffective because he failed to raise meritorious claims, and specifically Sorelle's ineffectiveness, on appeal. As for Yohn's representation, the OCCA concluded that even if it were deficient, Tibbetts failed to show prejudice on the outcome of his plea-withdrawal motion because the record reflected that it was baseless—he was competent at the time he entered his plea. As for Johnson's representation, the OCCA concluded that he did not provide ineffective assistance for failing to raise Sorelle's alleged ineffectiveness for personal conflict because this claim lacked merit.

The district court concluded that habeas relief should be denied on both claims because the OCCA reasonably applied *Strickland v. Washington* to deny Tibbetts' claims of ineffective assistance. 466 U.S. 668 (1984). Tibbetts urges that the OCCA unreasonably applied *Strickland*, making the same arguments as below. We disagree.

Federal law establishes a two-pronged test to make a successful claim of ineffective assistance of counsel. First, "the defendant must show that counsel's performance was deficient." *Id.* at 687. A representation is deficient if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. We presume that counsel provided constitutionally adequate assistance. *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Surmounting *Strickland*'s high bar is never an easy task," and the

21

bar is higher under federal habeas review. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

When raising ineffective assistance of appellate counsel, a petitioner must make the same *Strickland* showing: deficient performance and prejudice. *Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005) (citing *Strickland*, 466 U.S. at 687). Appellate counsel is not constitutionally ineffective for omitting issues in briefing if the omitted issues are meritless. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). But, a "sufficiently meritorious omitted claim certainly can, by itself (or in relation to other issues that counsel did pursue), establish constitutionally deficient performance by appellate counsel." *Id.* at 1205.

The OCCA did not unreasonably apply *Strickland* to Tibbetts' remaining ineffective assistance claims.

First, any inadequate representation by Yohn at plea withdrawal did not prejudice Tibbetts. Tibbetts spends his briefing explaining why Yohn's performance was deficient—and it may have been—but Tibbetts fails to rebut the OCCA's conclusion that Tibbetts was not prejudiced. The OCCA concluded, and Tibbetts does not meaningfully contest, that "the record sufficiently demonstrates [Tibbetts] was competent at the time he

22

entered his plea." R. Vol. 1 at 94.[8] Tibbetts cannot be prejudiced by Yohn's alleged ineffectiveness in obtaining a plea withdrawal on the grounds of incompetency when, as discussed above, no reasonable judge would have a bona fide reason to doubt Tibbetts' competency. *See* Section II.B.1, *supra*. Tibbetts does not show that but for Yohn's alleged ineffectiveness, there is a "reasonable probability" that his motion to withdraw his plea would have been granted. *Strickland*, 466 U.S. at 694.

Second, Tibbetts fails to show ineffective assistance by Johnson. He asserts that Johnson was ineffective for failing to raise his late-blooming argument about Sorelle's personal conflict, but the claim about Sorelle's conflict has no merit. In post-conviction proceedings and to this court, Tibbetts asserts that Sorelle had a relationship with the victim, the victim's family, and the state district judge. Without describing their content, he gestures to Facebook printouts and messages to prove Sorelle has these relationships. Such assertions cannot establish conflict and ineffective assistance. *Cf. Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his

---

[8] Tibbetts asserts that his plea was not entered competently *because* he was prejudiced by plea counsel. He argues that because plea counsel advised him to plead guilty, but plea counsel was constitutionally ineffective, his guilty plea was not entered competently and intelligently. Yet as discussed above, no reasonable judge would have reason to doubt Tibbetts' competency, despite plea counsel's alleged ineffectiveness.

He also mentions in his briefing that he "argued that he was incompetent at the times the crimes were committed"—but this is not an argument explaining how the OCCA unreasonably determined the facts or applied them. We will not craft Tibbetts' arguments for him. *See Luo*, 71 F.4th at 1291 n.1.

claim of ineffective assistance.").  And because Tibbetts does not establish that Sorelle

was constitutionally ineffective due to a conflict of interest, Johnson cannot be ineffective

for failing to raise the claim.  *Cargle*, 317 F.3d at 1202.

The OCCA reasonably applied *Strickland* to Tibbetts' ineffective assistance

claims.  No reasonable jurist would debate the district court's conclusion that § 2254

precludes habeas relief.

## III.    Conclusion

For these reasons, we deny Tibbetts' application for a COA and dismiss this

appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge